IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PATRICK F. CROLL, | § | |
| | § | No. 583, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 0801001836 and |
| Plaintiff Below- | § | 0803007023 |
| Appellee. | § | |

Submitted: January 23, 2017
Decided: February 28, 2017

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 28th day of February 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Patrick Croll, filed this appeal from the Superior Court's denial of his motion for correction of sentence.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Croll's opening brief that his appeal is without merit.  We agree and affirm.

(2)    In June 2008, Croll pled guilty to one count each of Aggravated Menacing, Possession of a Deadly Weapon During the Commission of a

Felony (PDWDCF), Assault in the Second Degree,[1] Unlawful Sexual Contact in the Second Degree, and Endangering the Welfare of a Child. The Superior Court sentenced Croll to a total period of thirty-three years at Level V incarceration, to be suspended after serving nineteen years in prison followed by decreasing levels of supervision. Croll's direct appeal was dismissed as untimely.[2] Since that time, Croll has filed several unsuccessful petitions seeking postconviction relief.[3]

(3) In September 2016, Croll filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a), alleging that his separate sentences for Aggravated Menacing and PDWDCF violate double jeopardy principles and should be merged. The Superior Court denied his motion. This appeal followed.

(4) On appeal, Croll reiterates his claim that his separate sentences are illegal because they violate double jeopardy principles. Croll is incorrect. As the Superior Court held, Delaware law is clear that a defendant may be sentenced for both Aggravated Menacing and a related weapon offense like PDWDCF because the General Assembly intended to punish the

---

[1] Before sentencing, the State dismissed the charge of Assault in the Second Degree.

[2] *Croll v. State*, 2009 WL 486615 (Del. Apr. 17, 2009).

[3] *See, e.g., Croll v. State*, 2010 WL 2891502 (Del. June 21, 2010).

two offenses separately.[4]  Accordingly, Croll's separate sentences for PDWCF and Aggravated Menacing do not violate double jeopardy.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] *DeShields v. State*, 2015 WL 115487 (Del. Jan. 7, 2015).